# State of Maine

YORK _____, ss.

SUPERIOR COURT
CV- 11-30 _____

Michael Brown

Plaintiff

vs.

Silver Spring Delivery Services, Inc.

Defendant

**ORDER**

This cause came on for hearing, ~~and was argued by counsel,~~ upon the motion of the to _____ assess damages for breach of contract by the defendant.

The plaintiff is seeking an award of $70,000 which reflects the unpaid portion of the $75,000 contract price. The defendant has argued that there should be no damages as the plaintiff still had the business after any breach and

IT ~~IS ORDERED~~ that: lost nothing. The case is unusual in that the asset that was being sold, a so called FedEx "swing route", is now worthless.

The Law Court has repeatedly stated that, "The purpose of contract damages is to place the injured parties in the position they would have been in but for the breach, by awarding the value of the promised performance" See Anuszewski v Jurevic, 566 A2d 742,3 (Me, 1989), Forbes v Wells Beach Casino, Inc, 409 A2d 646,54 (Me. 1979) and Spitz v Lampert, 114 Me 566, 568 (1921). Mr. Brown expected to sell his business and convert it to cash. There is no suggestion that he could have sold it to a second buyer or otherwise mitigated his damages. The only way that he can get the benefit of the performance that was promised, since specific performance is unavailable, is to award damages as if the contract had been performed.

The entry is: Judgment for the plaintiff against the defendant on Count I of the Complaint in the amount of $70,000 with statutory pre- and post judgment interest and costs.

Dated: June 21, 19 2012 _____

Paul A. Fritzsche

Justice, Superior Court

CV-19 rev. 6/82

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-11-30

PA F - YOR - 11/2/2011

MICHAEL BROWN,

Plaintiff

v.

ORDERS ON PENDING MOTIONS

SILVER SPRINGS DELIVERY
SERVICES, INC.,

Defendant

On November 29, 2010 Michael Brown and Silver Springs Delivery Services, Inc. entered into a written purchase and sales agreement for the sale of a Federal Express ground delivery route called a swing route. An initial payment of $1,900 was made followed by a second payment of $3,100. The agreement, had it been completed, would have resulted in Silver Springs acquiring the route, a van and the assistance of Mr. Brown through March 1, 2011. Silver Springs would have paid a total of $75,000 plus the remainder of a loan that the plaintiff had outstanding. Lastly the agreement stated, "This sale is contingent upon approval of this transaction by Federal Ex, approval shall be final on or before January 1, 2011."

There is no indication that Federal Express ever granted approval or that approval was sought. It has instead either fully eliminated or is about to eliminate swing routes in Maine. A "swing route" is a term for the use of a replacement driver to fill in during vacations of or the illness of the regular driver. The transaction has not

been completed, the remaining payments have not been made and the combined deposit of $5,000 has not been returned.

The plaintiff has filed a two-count complaint seeking damages for breach of contract in Count I and alleging a breach of the covenant of good faith and fair dealing in Count II. The defendant has filed a three-count counterclaim. The first count does not list any specific cause of action. Count II is based on an implied covenant of good faith and fair dealing while Count III is based on a claim of fraud.

The plaintiff has filed a motion for summary judgment which the defendant has opposed. The defendant has also filed a motion for extension of time in order to conduct additional discovery before being required to complete its opposition to the plaintiff's summary judgment motion. The motion for extension of time should be considered first.

The motion for extension of time is subject to Rule 56(f), M.R.Civ.P., which states as follows:

> **When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

No affidavit was filed by the defendant in support of its motion for extension of time. Because no affidavit was filed the motion for extension of time is denied. Also see Section 56.7, Maine Civil Practice, Third Edition. Therefore, the plaintiff's motion for summary judgment shall be decided at this time based on the materials that have been submitted and shall not be delayed to permit further discovery.

In his complaint the plaintiff sought damages in Count II for breach of the covenant of good faith and fair dealing. The defendant brought a counterclaim under

2

the same theory in its Count II. On each claim judgment will be entered for the other side as the Law Court has limited the duty of good faith and fair dealing to "... circumstances governed by specific provisions of the Uniform Commercial Code," *Haines v. Great Northern Paper, Inc.,* 2002 ME 157, ¶15, 808 A.2d 1246, 50, which are not applicable here. Count I of the counterclaim appears to be a continuation of the factual allegations, does not list a cause of action and seeks the same relief as the remainder of the counterclaim. Judgment will be entered for the defendant on Count I of the counterclaim.

The remaining claims are the plaintiff's claim for breach of contract and the defendant's counterclaim for fraud. The defendant has argued that the plaintiff knew that Fed Ex was likely to make changes that would make the swing route worthless, that he kept that information to himself and that he tried to rush the deal before Fed Ex changed its policies. Mr. Brown claims that he was under no duty to disclose any information that he had and that the brief handwritten purchase and sale agreement, which was drafted by the defendant, contained no representations. He also argued that it was his assumption that Fed Ex would not be changing its policies. It is that assertion that resolves the pending motion for summary judgment.

I do not find evidence of fraud since there was no fiduciary relationship and no evidence of any affirmative misstatements. The defendant included eight affirmative defenses in its answer and counterclaim. The final one was that, "The claims of the Plaintiff are barred by the doctrine of mutual mistake of fact." The plaintiff essentially stated that he assumed that the swing routes would continue indefinitely. The defendant shared that factual assumption. Since the continued existence of the swing route was crucial, it appears that both parties may have entered into the contract with a

3

mutual mistake of fact. I will not decide the case at this time on that doctrine, as it was not argued or briefed, but it appears to best fit the case.

The entries are:

Defendant's motion for enlargement of time to extend time to file supplemental pleadings is denied.

Plaintiff's motion for summary judgment is granted in part, denied in part.

Judgment for the defendant on Count II of the complaint.

Judgment for the plaintiff on Counts I, II and III of the counterclaim.

The parties shall inform the clerk by November 10, 2011 whether they still need a discovery conference based on the letter of Mr. Levis of October 21, 2011.

Dated:        November 2, 2011

_____
Paul A. Fritzsche
Justice, Superior Court


ATTORNEY FOR PLAINTIFF:
BRUCE HEPLER
LAW OFFICE OF BRUCE W HEPLER
75 PEARL STREET
PORTLAND ME   04101


ATTORNEY FOR DEFENDANT:
S. JAMES LEVIS, JR.
LEVIS & INGRAHAM
338 MAIN ST
SACO ME   04072

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.  CV-11-30
PAF - YOR - 11/4/2011

MICHAEL BROWN,

      Plaintiff

v.

**CORRECTED ORDER**

SILVER SPRINGS DELIVERY
SERVICES, INC.,

      Defendant

The last sentence of the first paragraph at the top of page 3 of the orders on

pending motions of November 2, 2011 is corrected to read:

"Judgment will enter for the plaintiff on Count I of the counterclaim."

Dated:      November 4, 2011

Paul A. Fritzsche
Justice, Superior Court